IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NOLANE D. PURIFOY, SR.,  :

    Plaintiff,  :

vs.  :  CA 20-0488-MU

KILOLO KIJAKAZI,  :
Acting Commissioner of Social Security,
                                                  :
    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court[1] on the Commissioner of Social Security's unopposed motion to remand this action pursuant to sentence four of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) with entry of judgment (*see* Doc. 21), filed October 28, 2021.[2] In her motion, the Commissioner of Social Security represents that it is her belief that this case should be remanded for further administrative proceedings. (*Id.*, PageID. 555). "On remand, the Appeals Council will instruct an administrative law judge (ALJ) to: offer the claimant the opportunity for a hearing, further evaluate the opinion evidence, further evaluate the claimant's residual functional capacity, and obtain supplemental vocational evidence." (*Id.*).

The plain language of sentence four of 42 U.S.C. § 405(g) empowers this Court

---

    [1] The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 22 & 23 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")).

    [2] The Commissioner represents that counsel for the Plaintiff has no opposition to this motion. (*See id.*, PageID. 555).

"to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Court therefore **GRANTS** the Defendant's unopposed motion (Doc. 21) and the decision of the Commissioner of Social Security denying Plaintiff benefits is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. *See also* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."). The remand pursuant to sentence four of § 405(g) and 42 U.S.C.§ 1383(c)(3) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 112 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

     **DONE** and **ORDERED** this the 29th day of October, 2021.

                                                                        s/P. Bradley Murray
                                        **UNITED STATES MAGISTRATE JUDGE**